UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas S.S., | No. 26-340 (KMM/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| Noem, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Douglas S.S.'s Amended Petition for a Writ of Habeas Corpus.[1] For the reasons set forth below, the Court grants Douglas S.S.'s habeas petition and orders his immediate release.

**Background**

Petitioner Douglas S.S. is a citizen of El Salvador who has lived in the United States since 2020. [ECF 1.[2]] He lives here with his family, including his spouse and children, who are United States citizens. One of his children is a toddler with significant special needs. Douglas S.S. avers that he has no criminal history, and Respondents do not refute that assertion.

Douglas S.S. was arrested on January 15, 2026, by ICE agents acting as part of Operation Metro Surge. He was shown neither an administrative nor a judicial warrant, and Respondents have not produced such a warrant, nor have they suggested that one exists.

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initials or refers to him as "Petitioner."

[2] The facts in this Background section are taken from the Amended Petition. [ECF 1.] Respondents do not dispute any of factual or procedural history set forth in the petition, so the Court accepts it as true for the purposes of its analysis.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). The Court finds that, as a matter of law, Douglas S.S. cannot be held under this provision and therefore orders his release.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have ruled on the issue, and by many courts in this district. Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Douglas S.S. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

**Propriety of Immediate Release**

Petitioner Douglas S.S. alleges that he should be immediately released, seeking a bond hearing only as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The statute upon which Respondents are relying to justify his detention does not apply. Moreover, even if they invoked § 1226(a) as an alternative basis for detention, they have not followed the requirements of that provision. The government has not claimed to have a "warrant issued by the Attorney General" supporting Douglas S.S.'s recent arrest, nor has the government produced one to the Court. This is so despite clear allegations in the Amended Petition that a warrant is a prerequisite to detention under § 1226(a), and Douglas S.S.'s claim that no warrant was shown or referenced.

As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with the reasoning of these cases, and notes that Petitioner raised this argument in his Amended Petition. [ECF 1, ¶ 52.] Therefore, dismissal is the appropriate remedy.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Amended Petition for a Writ of Habeas Corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Douglas S.S. Because the Court previously ordered Douglas S.S. to be returned to the District if he had been moved, the Court assumes that he will be released in Minnesota.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner was removed from the District and has not been returned as previously ordered, Respondents should immediately notify the Court of when he will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 20, 2026                              *s/Katherine M. Menendez*
                                                    Katherine M. Menendez
                                                    United States District Judge